Submitted May 7, affirmed June 3, 2015

JOHN BARBERA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Lane County Circuit Court
161212012; A153411

351 P3d 796

Jonah Morningstar and Morningstar Legal Arts filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

## LAGESEN, J.

Petitioner appeals a judgment dismissing his petition for post-conviction relief on the ground that it was not timely filed within two years of the date that his conviction became final, as required by ORS 138.510(3).[1] Petitioner does not dispute that the petition was not filed within the two-year limitations period, but argues that he alleged sufficient facts in the petition to entitle him to invoke the "escape clause" of ORS 138.510(3), which allows a post-conviction petitioner to seek post-conviction relief outside the limitations period if the "grounds for relief asserted * * * could not reasonably have been raised" in a timely-filed petition. He argues further that the post-conviction court therefore erred by dismissing the petition as untimely. For the reasons that follow, we affirm.

In support of his claim that he alleged sufficient facts to invoke the escape clause, petitioner points to his allegations that (1) his criminal trial lawyer misled him into thinking that he could not file for post-conviction relief at all; and (2) by the time petitioner determined that he could seek post-conviction relief, the two-year period had almost expired and petitioner was incarcerated in Pennsylvania without access to a notary. He argues that those allegations compel the conclusion that he could not reasonably have raised his grounds for relief in a timely-filed petition because, in his view, they compel the conclusion that petitioner was "physically prevented from complying with the statutory time limit due to his incarceration and lack of access to a notary" at the time the petition was due.

To the extent that petitioner argues that the alleged inaccurate advice from his criminal trial lawyer is sufficient to entitle him to invoke the escape clause, that argument is foreclosed by *Brown v. Baldwin*, 131 Or App 356, 361, 885 P2d 707 (1994), *rev den*, 320 Or 507 (1995). There, we held

---

[1] Petitioner did not appeal the judgment of conviction. As a result, he was required to file for post-conviction relief within two years of "the date the judgment or order on the conviction was entered in the register" of the trial court. ORS 138.510(3)(a). Had petitioner appealed, the two-year period for seeking post-conviction relief would not have started to run until the completion of the appellate process. ORS 138.510(3)(b), (c).

that a lawyer's "active misrepresentation" about the time-lines for seeking post-conviction relief did not excuse the petitioner's untimely filing under the escape clause. *Id.*

Further, we disagree that the allegations on which petitioner relies demonstrate that petitioner was "physically prevented" from timely filing the petition.[2] Instead, petitioner's allegations affirmatively demonstrate that he was able to work on his post-conviction petitions while he was incarcerated in Pennsylvania, and he "had all the post-conviction paperwork sent to me from Oregon." Although ORS 138.580 establishes that facts alleged in a petition for post-conviction relief "must be sworn to affirmatively as true and correct," nothing in the applicable statutes or rules requires that the petition or any supporting documentation be notarized. *See* ORCP 1 E (allowing for a signed declaration under penalty of perjury in lieu of an affidavit); UTCR 2.120 (providing that affidavits "need not be notarized"). Accordingly, petitioner's allegations that he was incarcerated without access to a notary are insufficient, as a matter of law, to permit the inference that he was "physically prevented" from filing his petition within the two-year statute of limitations.

Affirmed.

---

[2] Defendant also argues that the escape clause, as it has been interpreted by this court and the Supreme Court, would not excuse petitioner's untimeliness even if petitioner's allegations were sufficient to establish that he was physically prevented from timely filing the petition. Because we conclude that petitioner's allegations do not establish that he was physically prevented from timely filing the petition, we do not address that argument.